

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,899-01

### IN RE PAUL SALAZAR, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 2014-CR-5303-W1 IN THE 144TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Relator has filed a motion for leave to file an application for a writ of mandamus under this Court's original jurisdiction. He contends, among other things, that the writ record has not been forwarded to this Court and Respondent has not provided Relator with copies of the documents in this cause.

We abated this mandamus application on February 19, 2020 for resolution of several of Relator's allegations. We received Respondent's reply on February 20, 2020. The record establishes that Respondent sent a copy of the ODI to this Court. However, it does not contain proof of the date that the State's attorney received the habeas application as required by Texas Rules of Appellate

Procedure Rule 73.4(b)(1).[1] Nor does it reflect that Respondent sent Relator copies of the documents listed in Rule 73.4(b)(2), which provides that, when any pleadings, objections, motions, affidavits, exhibits, proposed or entered findings of fact and conclusions of law, or other orders are filed or made part of the record, the clerk shall send copies to all parties in the case.

Respondent, the District Clerk of Bexar County, shall forward to this Court proof of the date the State received Relator's habeas application. *See* Rule 73.4(b)(1). Additionally, Respondent will confirm that Relator has been provided with copies of the documents identified in Rule 73.4(b)(2).

This motion for leave to file will be held. Respondent shall comply with this order within thirty days from the date of this order.

Filed: April 1, 2020
Do not publish

---

[1] We do not have documentation of the precise date that the State's attorney received a copy of the habeas application. We observe, however, that Rule 73.4(b)(5) provides that, on the 181st day from the date of the State's attorney's receipt of the application, the district clerk shall forward the writ record to this Court unless the clerk receives an extension from this Court pursuant to Rule 73.5. If Respondent transmitted the habeas application to the State's attorney when the court received it, and if the State's attorney received it within a few days of transmission, the writ record should have been forwarded to this Court in late January or early February.